# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Harry D. Leinenweber | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 4457 | **DATE** | 10/30/2003 |
| **CASE TITLE** | Risetime, Inc., vs. Colorado Customware, Inc. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ■ Status hearing set for 20 Nov. 03 at 9:00 A.M..
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
    ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] ENTER MEMORANDUM OPINION AND ORDER: Colorado Customware, Inc.'s motion to strike, dismiss and/or join necessary party is denied.

(11) ■ [For further detail see order attached to the original minute order.]

| | | | | Document Number |
|---|---|---|---|---|
| | No notices required, advised in open court. | | number of notices | |
| | No notices required. | | | |
| | Notices mailed by judge's staff. | | OCT 31 2003 docketed | 18 |
| | Notified counsel by telephone. | | | |
| ✓ | Docketing to mail notices. | | docketing deputy initials | |
| | Mail AO 450 form. | U.S. DISTRICT COURT | | |
| | Copy to judge/magistrate judge. | | | |
| WAP | courtroom deputy's initials | 03 OCT 30 PM 1:51 | date mailed notice | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

```
                IN THE UNITED STATES DISTRICT COURT
               FOR THE NORTHERN DISTRICT OF ILLINOIS
                          EASTERN DIVISION
```

|                                  |                              |
|----------------------------------|------------------------------|
| RISETIME, INC.,                  |                              |
|                    Plaintiff,    | Case No.: 03 C 4451          |
| v.                               |                              |
| COLORADO CUSTOMWARE, INC.,       | Hon. Harry D. Leinenweber    |
|                    Defendant.    |                              |

## MEMORANDUM OPINION AND ORDER

In this diversity action, plaintiff Risetime, Inc. (hereinafter, "Risetime"), an Illinois corporation with its principal place of business in Chicago, Illinois, is maintaining a two-count complaint against Colorado CustomWare, Inc. (hereinafter, "CCI"), a foreign corporation incorporated in Colorado with its principal place of business in Fort Collins, Colorado, asserting claims for breach of contract and declaratory relief. Before the Court is CCI's Motion to Strike, Dismiss and/or Join Necessary Party. For the following reasons, the motion is denied.

### I. BACKGROUND

On or about October 2, 2001, Risetime and CCI entered into two written agreements: a Professional Services Agreement (the "PSA") and a Software License Agreement (the "SLA"). Pursuant to the agreements, CCI was to develop and license for Risetime certain computer software products. These software products were to be

part of a larger project that Risetime had undertaken through a separate agreement for the Cook County Assessor Office (the "CCAO") and accordingly, Risetime was to assign its license for these products to the CCAO. Risetime agreed to pay CCI $2,384,000, which included a down payment of $932,000 made by Risetime shortly after the contracts were executed.

The PSA established a specific software development and approval process along with a schedule for the remaining payments. Under the agreement, CCI and Risetime were to consult initially in order to design programming specifications. CCI was then expected to deliver demonstrations of a final product to Risetime and the CCAO in three stages for their review. While Risetime was to approve or disapprove of each of the demonstration versions, the approval was at the sole discretion of the CCAO. If Risetime did not approve the demonstrations, the process began again with another consultation. Upon approval of each stage of the demonstrations, Risetime was required to make a payment to CCI. Once the final product was delivered, Risetime was to conduct acceptance testing as specified in Acceptance Test Plan and Acceptance Test Procedure documents. If the testing failed, CCI was obligated to reprogram and to remedy the failure. If the final testing was successful, Risetime was to pay CCI a final payment of $753,000. Acknowledging that the project was time-sensitive, CCI agreed to perform its services in accordance with a schedule that the parties developed and included in the PSA.

On June 26, 2003, Risetime filed a complaint alleging that CCI failed to meet the requirements of the contract in a timely fashion and failed to perform the agreed upon capability demonstrations. Regardless, Risetime contends that it paid CCI three payments of $233,000 as a result of CCI's representations that, due to cash flow problems, it needed the payments in order to perform its obligations. Risetime asserts that although it has paid CCI a total of $1,631,000, and although almost one year has passed since the agreed completion date, CCI has not provided any software that is usable for its intended purpose and has not met any of the benchmarks set forth in the PSA. In its complaint, Risetime seeks (1) contractual damages of $1,631,000, plus interest and attorney's fees; (2) a declaration that the PSA has been terminated as a result of CCI's breach; and (3) a declaration that the SLA is null and void.

## II. **DISCUSSION**

CCI filed its answer along with affirmative defenses and a counterclaim on August 13, 2003. That same day, it filed the Motion to Strike, Dismiss and/or Join a Necessary Party. CCI moves to strike Risetime's request for relief pursuant to Federal Rule of Civil Procedure 12(f) ("Rule 12(f)"). It argues that, if the Court grants that motion, it should also dismiss the complaint in its entirety pursuant to Federal Rule of Civil Procedure 12(b)(6) ("Rule 12(b)(6)") for failure to seek appropriate relief.

Additionally, CCI moves the Court to join the CCAO as a necessary party or to dismiss the case for failure to join a necessary party pursuant to Federal Rule of Civil Procedure 12(b)(7) ("Rule 12(b)(7)"). The Court will address each argument in turn.

### A. Motion to Strike

#### 1. *Standard of Review*

Rule 12(f) states, in relevant part, that "[u]pon motion made by a party before responding to a pleading . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." FED. R. CIV. P. 12(f). Motions to strike are generally disfavored because of their tendency to delay the proceedings. *See Heller v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th 1989). Before a motion to strike can be granted, a court "must be convinced that there are no questions of fact, [and] that any questions of law are clear and not in dispute." *Codest Eng'g v. Hyatt Int'l Corp.*, 954 F.Supp. 1224, 1228 (N.D. Ill. 1996); *see also Abramson v. Florida Gas Transmission Co.*, 908 F.Supp. 1383, 1386 (E.D. La. 1995)("[W]hen there is no showing of prejudicial harm to the moving party, the courts generally are not willing to determine disputed and substantial questions of law upon a motion to strike.").

#### 2. *Timeliness of CCI's Motion*

A party bringing a Rule 12(f) motion must make the motion *before* responding to the pleading. FED. R. CIV. P. 12(f)(emphasis

added). CCI filed its motion contemporaneously with its answer and therefore the motion to strike was untimely. Rule 12(f), however, provides that a district court may order matters stricken upon its "own initiative at any time." *Id.* The Seventh Circuit has therefore read the rule to allow a district court to consider a motion to strike at any point in a case, reasoning that the district court would be "considering the issue of its own accord despite the fact that its attention was prompted by an untimely filed motion." *Williams v. Jader Fuel Co., Inc.*, 944 F.2d 1388, 1399 (7th Cir. 1991). Accordingly, the Court will rule on the merits of the motion.

### 3. Merits

CCI argues that the remedies in the PSA do not include the remedies that Risetime seeks, *viz.*, contract termination and return of payment. It characterizes Risetime's breach of contract claim as stemming from two types of allegations: 1) that CCI's quality of work was deficient in that it failed to provide any software that was usable for its intended purpose, failed to meet the benchmarks established in the PSA, and failed to perform agreed upon capability demonstrations; and 2) that CCI had failed to complete the project in a timely fashion. CCI asserts that any quality of work issues were resolvable under Section 15.b of the PSA, the "Standard of Services" provision, which establishes that Risetime's "sole and exclusive remedy for any noncompliance with

the warranty will be limited to repair, correction, or replacement of the nonconforming aspect of the licensed software by CCI." Even if there was a breach, CCI contends, Risetime is at most entitled to repair, correction, or replacement of the nonconforming aspects of the software, not to termination and refund of monies paid. Similarly, CCI argues that Section 18.b, the "Delays" section of the PSA, makes it clear that the Implementation Schedule is an estimate and that if delays occur, "the due dates of all applicable scheduled payments . . . shall be postponed or extended" accordingly. Additionally, that section states that "any scheduled milestone payment . . . will not actually become due and owing to [CCI] until all services hereunder during that milestone period have been fully performed and accepted." Risetime's remedy in the event of delay, CCI concludes, was to withhold payment, not to terminate the contract or to sue for refund of prior payments. Given that Risetime's requested relief is not available under the contract, CCI argues that it should be stricken pursuant to Rule 12(f) and that the complaint should be subsequently dismissed pursuant to Rule 12(b)(6).

Risetime contends that questions of law such as contract interpretation should not be resolved through motions to strike. It further argues that the requested relief is appropriate under the PSA. As support for its assertion, Risetime points to Section 16, titled "Disclaimer of Warranty; Limitation of

Liability," which protects CCI from consequential, incidental, special, punitive or exemplary damages, and which limits CCI's liability on "any claim of any kind," including contract or tort claims, "to general money damages." This section further provides that the liability "shall in no event exceed the amounts paid by [Risetime] hereunder and under the license agreement." Risetime contends that the warranty provision cited by CCI was designed to protect it *only* if CCI's software proved to be defective. In contrast, Section 16 was included to provide a remedy in the event that CCI never developed the software at all. Accordingly, Risetime argues that CCI's motion to strike should be denied.

Even though a request for damages may not be redundant, immaterial, impertinent, or scandalous, a motion to strike may be appropriate in cases where the requested relief is clearly unavailable as a matter of law. *See, e.g., Fox v. Lummos Co.*, 524 F. Supp. 27 (S.D.N.Y. 1981). In the instant case, however, the question of how the PSA should be interpreted is heavily disputed by the parties. This dispute does not appear to be frivolous or insubstantial. Moreover, it is complicated by factual disagreements over whether CCI provided Risetime with the software at all. As a result, it would be inappropriate for the Court to grant CCI's motion to strike Risetime's requested relief. CCI's motion to strike, and in turn, its motion to dismiss pursuant to Rule 12(b)(6) is denied.

## B. Motion to Join

The second half of CCI's motion argues that the CCAO is a necessary party to the suit pursuant to Federal Rule of Civil Procedure 19 ("Rule 19"). CCI asks the Court to order Risetime to join the CCAO, or to dismiss the case pursuant to Rule 12(b)(7).

Rule 19 provides that a party shall be joined "if (1) in the person's absence complete relief cannot be accorded among those already parties, or (2) the person claims an interest relating to the subject of the action and is so situated that the disposition of the action in the person's absence may (i) as a practical matter impair or impede the person's ability to protect that interest or (ii) leave any of the persons already parties subject to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest." FED. R. CIV. P. 19(a). The question of joinder in a diversity case is a matter of federal law. *Krueger v. Cartwright*, 996 F.2d 928, 931 (7th Cir. 1993).

Beyond a bare assertion that complete relief cannot be accorded among the existing parties in the CCAO's absence because the CCAO has an interest in the litigation, CCI puts forth no argument that the CCAO should be joined under Rule 19(a)(1). As a result, the Court will jump directly to CCI's argument for joinder under Rule 19(a)(2).

Under Rule 19(a)(2), the Court first examines whether the absent party claims an interest relating to the subject of the action. If so, the Court addresses whether the absent party is so situated that the disposition of the action in its absence may (i) impair or impede the party's ability to protect that interest or (ii) expose any of the persons already parties to a substantial risk of incurring double, multiple, or otherwise inconsistent obligations by reason of the claimed interest. FED. R. CIV. P. 19(a). Risetime does not contest that the CCAO has an interest in the subject of the action.

It is not entirely clear whether CCI is arguing that the CCAO's absence from this action will "impair or impede" its ability to protect its interest. FED. R. CIV. P. 19(a)(2)(i). Regardless, after assessing Risetime's arguments on this issue, the Court does not believe that the CCAO's ability to protect its interest will be harmed in any way if it is absent. First, Risetime points to the CCAO's decision not to become involved in this action as evidence that it is not a necessary party to this litigation. According to a sworn declaration from Louis J. Arce, the President of Risetime, Risetime informed the CCAO of its intention to file this lawsuit. While the CCAO encouraged Risetime to terminate the agreement and to file the action, it never asked to become a party to the action. Risetime also points out that the CCAO has not filed any pleadings with the Court seeking to be joined. Courts have reasoned that "an

absent party's decision to forego intervention indicates that he does not deem his own interests substantially threatened by the litigation." *Burger King Corp. v. Am. Nat'l Bank & Trust Co. of Chicago*, 119 F.R.D. 672, 678 (N.D. Ill. 1988). A failure to seek to intervene may provide evidence of the absent party's lack of interest in a dispute or of its confidence in the representation to be provided by another party. *Id.* at 679.

Second, Risetime explains that even without joining in the action, the CCAO could still protect its interests through its separate agreement with Risetime. Risetime contracted with the CCAO to complete certain projects with respect to an Assessor's Office Automation Project. While Risetime subcontracted a portion of that work to CCI, it retained its contractual obligations to the CCAO to complete the entire project. The Court is satisfied that the CCAO may protect its interests through remedies it has against Risetime under that agreement.

The only argument that CCI appears to make for joinder under Rule 19(a)(2)(i) is that joinder is particularly important in this case because Risetime is seeking rescission of the contracts. It is true that courts have held that all parties to a contract, and "others having a substantial interest in it" must be joined in an action that seeks rescission of a contract. *Acton Co., Inc. v. Bachman Foods, Inc.*, 668 F.2d 76, 81-82 (1st Cir. 1982). The CCAO, however, has an interest in the contract between CCI and Risetime,

but only insofar as it constitutes a piece of the overall project that Risetime has promised to provide to the CCAO. It would not be overly prejudiced if the CCI contract is terminated because Risetime is still obligated to provide that portion of the project. Given that the CCAO encouraged Risetime to file the suit without becoming involved itself, and given the safety net that the CCAO's agreement with Risetime provides, the Court believes that disposition of the action without the CCAO will not impair or impede its ability to protect its interest.

CCI has a slightly better argument for joinder under Rule 19(a)(2)(ii). Here it argues that if the CCAO is not included in the litigation, CCI will be exposed to "a substantial risk of incurring double, multiple, or otherwise inconsistent obligations." FED. R. CIV. P. 19(a)(2)(ii). CCI argues that as a third party beneficiary of the PSA and the SLA, the CCAO has the right to sue under both agreements and may demand future remedies that are inconsistent with those currently sought by Risetime. CCI also points out that the CCAO has the sole discretion under the PSA to approve the demonstration versions of the software. Accordingly, CCI argues, while Risetime now contends that CCI failed to meet performance benchmarks, the CCAO could take a contrary position in the future that the benchmarks were met. However, the "argument that a third-party beneficiary must be joined in a dispute between the original parties has not been successful." 7 CHARLES ALAN WRIGHT

ET AL., FEDERAL PRACTICE AND PROCEDURE § 1613, at 184 (2001). Indeed, given that the CCAO has a contract with Risetime, not with CCI, the CCAO would likely have to join Risetime as a necessary party to any claim it brought against CCI precisely so that CCI would not incur an inconsistent obligation through that separate suit. Moreover, given that the CCAO has stepped back and permitted Risetime to litigate this matter without its involvement, there does not appear to be a "substantial risk" that it would later turn around and seek conflicting remedies from CCI. It is far more likely that the CCAO would seek relief against Risetime under the contract that they entered into directly.

### CONCLUSION

For the foregoing reasons, CCI's motion to strike, dismiss and/or join necessary party is **DENIED**.

**IT IS SO ORDERED.**

Harry D. Leinenweber, Judge
United States District Court

Date: October 30, 2003